UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MOLLY FLANIGAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case number 4:10cv0018 TCM |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security ("the Commissioner"), denying the applications of Molly Flanigan ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401-433, and supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1381-1383b, is before the Court[1] on the Commissioner's motion to reverse and remand the case to the Appeals Council for further proceedings pursuant to sentence four of § 405(g). Plaintiff states she does not object to the motion.

Plaintiff, born on January 19, 1989, applied for DIB and SSI in September 2007, alleging she was disabled as of November 1994 by bipolar disorder, depression, and a

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

learning disability. (R.[2] at 93-95, 282-84.) These applications were denied initially and after an administrative hearing at which she and her mother testified. (Id. at 13-20, 24-34, 37, 79-83, 286-311.) The Appeals Council then denied her request for review, thereby adopting the adverse decision of the Administrative Law Judge ("ALJ") as the final decision of the Commissioner. (Id. at 2-5.)

After filing the administrative record but before Plaintiff has filed a brief in support of her complaint, the Commissioner filed the pending motion. He requests a remand for the purpose of allowing him to direct the ALJ to obtain evidence from a vocational expert clarifying the effect on the vocational base of Plaintiff's limitation of being able to come into contact only occasionally with the public.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[3] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See

---

[2]"R" refers to the administrative record filed by the Commissioner.

[3]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED**. [Doc. 15]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of April, 2010.